IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BMO Harris Bank, N.A.,

                Plaintiff,      Case No. 1:15-cv-03886

v.                                    Michael L. Brown
                                    United States District Judge

Richard Funding, LLC, Dwight
Richert, and Bart Garbrecht,

                Defendants.

_____/

ORDER ON THE PARTIES' AMENDED MOTIONS TO SEAL
CONFIDENTIAL DOCUMENTS AND INFORMATION
(DKTS. 184, 188, 190)

    Before the Court is Plaintiff's Amended Motion to Seal Confidential Documents and Information (Dkt. 190) ("Amended Motion"), Defendants' Response to the Court Order Regarding Sealed Elements of Summary Judgment Filings (Dkt. 184) (the "Response"), and Defendants' related Motion to File an Unredacted Copy of Defendants' Response to Plaintiff's Motion for Summary Judgment Under Seal (Dkt. 188).

Plaintiff and Defendants each filed requests to seal certain confidential business information filed in support of their respective motions for summary judgment. (Dkts. 165, 173). The Court denied those motions for failure to show good cause and ordered the parties to amend the motions to delineate what materials should remain under seal and what materials may be filed in a redacted form on the public docket. (Dkt. 178). The Court has reviewed the amended requests and finds that the parties have failed to provide sufficient clarity to the Court in their amended submissions to permit the Court to rule on the motions.

In this Court, confidentiality of proceedings is the exception, not the rule. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) ("The Common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process."); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests."). The presumption of public access is even stronger when the documents at issue are filed in connection with

pretrial motions that require judicial resolution of the merits, like motions for summary judgment. *See Chicago Tribune Co.*, 263 F.3d at 1312, n.11 (listing cases granting access to documents submitted in connection with motions for summary judgment).

Under Federal Rule of Civil Procedure 26, courts may permit certain material to be filed under seal only if the parties can show that there is good cause to make the information unavailable to the public. *See* Fed. R. Civ. P. 26(c). Mere agreement by the parties that certain documents should be designated as confidential is insufficient on its own to show that good cause exists. *Chicago Tribune Co.*, 263 F.3d at 1313.

In its Amended Motion, Plaintiff refers to "separately filed deposition transcripts" (Dkt. 190 at 2) and requests that "the separate filings of deposition transcripts" remain sealed. *Id.* at 3. But Plaintiff then proceeds to offer only one argument for sealing one transcript. *Id.* at 2 (citing the "Maraman example"). This does not comply with the Court's order to delineate "what material should remain under seal and what portions of the documents can be filed in redacted form." Dkt. 178 at 4. A request to seal the "deposition transcripts" without naming the

documents by title, citing to each specific docket entry subject to the request, or stating the grounds for sealing certain confidential material in each document does not show good cause and does not provide sufficient guidance to the Court. For any document, a portion of which the parties wish to remain sealed, the parties should specifically state the name or docket entry of that document and the proposed grounds for sealing the specific portions of the document the parties wish to remain sealed.

Further, while the Court agrees that a party has an interest in keeping certain information confidential, the Court does not agree that entire transcripts should be sealed simply because there exists good cause to seal or redact certain portions of the transcript. The Court is not inclined to seal an entire deposition transcript unless the parties can show good cause for doing so. The parties, therefore, should identify the specific portions of transcripts they wish to remain under seal and the basis for that request.

The Court understands that Plaintiff does not object to unsealing its Motion for Partial Summary Judgment and accompanying support and exhibits. Dkt. 190 at 1. Defendants agree that there is no material

in Plaintiff's Motion for Summary Judgment that should remain sealed. Dkt. 184 at 2. The Court is inclined to make these documents publicly available on the docket, however, the Court **DIRECTS** the parties to specify the documents and docket entries to which these positions apply.

Accordingly, the Court **DENIES AS MOOT** Plaintiff's Amended Motion to Seal Confidential Documents and Information (Dkt. 190) and Defendants' Motion to File an Unredacted Copy of Defendants' Response to Plaintiff's Motion for Summary Judgment Under Seal (Dkt. 188). Though not styled as an amended motion per the Court order, the Court treats Defendants' Response to the Court Order (Dkt. 184) as an amended motion and **DENIES AS MOOT** that motion.

Each party is **DIRECTED** to re-file within ten (10) days a single, second amended version of their motion to seal that specifically identifies the THAT material should remain under seal, including what portions of specific documents can be filed in a redacted form on the public docket. The parties are instructed to use specific document names and docket entry numbers in the amended motions to provide

clarity to the Court. Failure to provide the requisite specificity may result in the unsealing of the information on the public docket.

**IT IS SO ORDERED.**

Dated: February 22, 2018
Atlanta, Georgia



MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE