IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BMO Harris Bank, N.A.,

                Plaintiff,        Case No. 1:15-cv-03886

v.                                        Michael L. Brown
                                              United States District Judge

Richard Funding, LLC, Dwight
Richert, and Bart Garbrecht,

                Defendants.

_____/

ORDER ON THE PARTIES' SECOND AMENDED MOTIONS TO
SEAL CONFIDENTIAL DOCUMENTS AND INFORMATION
(DKTS. 201, 202)

Before the Court are the parties' second amended motions to seal. (Dkts. 201, 202). The Court requested that the parties file these amended motions after the Court, for a second time, denied the parties' motions to seal and requested that the parties amend with specific showings of good cause to seal.

As the parties have been reminded twice before, confidentiality of proceedings is the exception, not the rule. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) ("The

Common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process."). And, Federal Rule of Civil Procedure 26 permits courts to order that certain material be maintained under seal only if the parties can show that there is good cause to make the information unavailable to the public. *See* Fed. R. Civ. P. 26(c). Importantly, mere agreement by the parties that certain documents should be designated as confidential is insufficient on its own to show that good cause exists. *Chicago Tribune Co.*, 263 F.3d at 1313.

The Court finds that Defendants have substantially complied with the Court's request in its February 22, 2018 order and have shown good cause to seal those specific portions of the transcript of Dwight Richert identified in their motion. *See* Dkt. 201 at 2. The identified lines contain information about Mr. Richert's financial holdings, and Mr. Richert's privacy interest in this information outweighs the interest of the public in accessing this information. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Accordingly, Defendants' motion (Dkt. 201) is **GRANTED,** and those portions of the transcript identified in the motion shall remain under seal. The Court **DIRECTS**

Defendants to file on the public docket within ten (10) days of this Order a redacted version of the Richert transcript, which redacts only those specific lines identified in their motion.

The Court finds, however, that Plaintiff has largely disregarded the Court's order to "identify the specific portions of transcripts they wish to remain under seal and the basis for that request." *See* Dkt. 199 at 3-4; *see also* Dkt. 178 at 4. Plaintiff has also ignored the Court's instruction to refer to the record using specific docket entry numbers. Dkt. 199 at 3-6. Rather than specifically identify those portions of any documents that Plaintiff requests to remain sealed, Plaintiff argues only that six deposition transcripts should remain sealed in their entirety because "[t]he number of pages cited from each transcript in the [summary judgment] briefs is minimal in comparison to the transcript." *See* Dkt. 202 at 3. While the Court acknowledges that the small number of citations to a given transcript may be relevant to the good cause analysis, it does not find Plaintiff's reliance on this metric persuasive, particularly in the light of the Court's repeated requests that Plaintiff identify with specificity those portions of the transcripts containing sensitive information. Plaintiff identifies ten "pincite

exemplars" of sensitive business and potentially privileged information in one of the six deposition transcripts that it wishes to remain under seal. *See* Dkt. 202 at 3-4. For those ten pincites, the Court agrees that Plaintiff has shown good cause to keep that information under seal. But, Plaintiff identifies no specific portions of the remaining five deposition transcripts, nor provides a specific basis for their sealing outside of the vague reference to "sensitive business information." Dkt. 202 at 2. This is insufficient to show good cause.

Accordingly, the Court finds that Plaintiff has shown good cause to seal only those ten pincites identified from the deposition transcript of Sean Dudley and **GRANTS** Plaintiff's motion (Dkt. 202) with regard to those pincites. The Court **DIRECTS** Plaintiff to file on the public docket within ten (10) days of this Order a redacted version of Mr. Dudley's transcript, which redacts only those ten pincites identified in their motion. The Court **DENIES** Plaintiff's request to seal the five remaining deposition transcripts (deposition transcript of Mr. Wickman at Dkt. 164-43, deposition transcript of Mr. Chapman, deposition transcript of Mr. Maraman, deposition transcript of Mr. Nowak, and deposition transcript of Mr. Yong), for which Plaintiff has not identified

specific portions containing sensitive information or any good cause basis to seal. The Court hereby **DIRECTS** the Clerk to unseal Dkt. 164-43 (Deposition of Mr. Wickman). Finding no complete version of the remaining four transcripts submitted to the Court, the Court further **DIRECTS** Plaintiff to file on the public docket within ten (10) days of this Order complete, unredacted versions of the deposition transcripts of Mr. Chapman, Mr. Maraman, Mr. Nowak, and Mr. Yong.

Because the second amended motions make no requests to keep sealed Plaintiff's motion for partial summary judgment and its supporting exhibits, or Defendants' response to that motion, the Clerk is **DIRECTED** to unseal Dkts. 164, 164-1, and 164-2 through 164-35 (Exhibits A through S), as well as the entirety of Dkt. 187.

**IT IS SO ORDERED.**

Dated: April 10, 2018
Atlanta, Georgia

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE